## Ostertag v. Commonwealth

*John J. Schneider,* for plaintiffs.
*Paul A. Logan, Assistant Attorney General,* for Commonwealth.

THOMSON, *J.,* August 5, 1980—The above captioned matter is now before us on defendant's preliminary objections to plaintiffs' complaint in equity. The said preliminary objections fall into two classifications: the first group raising a question of the jurisdiction of the court and the second being in the nature of a demurrer. For reasons which will subsequently become apparent, we will discuss the second group of objections first.

Defendant's first objection is a general one, that plaintiff's complaint fails to state a cause of action. This objection is actually two more specific objections: first, that the activity complained of by plaintiffs is discretionary with the Department of Transportation; and, second, that the injuries complained of were the direct result of the actions of various individuals, not of the Commonwealth. The first of these objections we find to be clearly without merit. The authority cited by defendant, the Com-

monwealth, itself states in The Administrative Code of April 9, 1929, P.L. 177, as amended, 71 P.S. §512:

"(a) The Department of Transportation . . . shall have the power, and its *duty* shall be: . . . (10) To have exclusive authority, and jurisdiction over all state designated highways; (11) To superintend, supervise and control the work of constructing, reconstructing, maintaining and repairing state designated highways. . . ." (Emphasis supplied.)

We feel that the language of this statute is mandatory in the extreme. The Department of Transportation *must* construct, reconstruct and maintain the designated state highways such as Route 209. There is no discretion whatsoever in this regard. We feel plaintiffs' complaint, as per paragraphs 5, 10 and 11 [see Appendix A-Ed.], clearly alleges a violation of this mandatory duty by the Commonwealth. Hence, we feel that this objection must be dismissed.

The second objection of this type we find to be likewise lacking in merit. True, the damage alleged resulted from the driving of automobiles and tractor trailers on Route 209, but the complaint as pled also alleges that the failure of the Commonwealth through the Department of Transportation to properly maintain and construct the said highway is a sine qua non of the said accidents. In such an instance, we cannot honor such an objection.

The Commonwealth's remaining objection is in the nature of a demurrer averring that plaintiffs' claim is barred by the doctrines of laches and coming to the nuisance. We cannot concur. As we read plaintiffs' complaint, it avers a continuing trespass by the Commonwealth, which has increased in severity over the years since plaintiffs' purchase of

the land, until it has now reached the point of intolerability. In such a situation, the aforesaid doctrines can be of no avail to defendant.

Next, we must turn to the question of jurisdiction raised by the Commonwealth. In this posture, Commonwealth argues that we are without jurisdiction due to the bar of sovereign immunity.

The Supreme Court of Pennsylvania in the landmark case of Mayle v. Pa. Dept. of Highways, 479 Pa. 384, 388 A. 2d 709 (1978), abolished the doctrine of sovereign immunity. Thereafter, in a reaction to the Mayle decision, the Pennsylvania legislature reinstituted the doctrine, pursuant to the Pa. Const., Art. I, §11, save for certain specific exceptions delineated in the new legislation. Plaintiffs contend that their claim in the within action falls within the exception of subsection (a)(5) of 42 Pa.C.S.A. §5110 which provides:

"(5) Potholes and other dangerous conditions. —Damages, other than property damages, caused by a dangerous condition of highways under the jurisdiction of Commonwealth agencies created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of damage which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

We note that the above-cited exception is limited to claims for *damages*. Hence, we feel that this subsection does plaintiffs no avail insofar as their complaint prays for an injunction against the Commonwealth. Clearly, this is beyond the scope of re-

lief provided by section 5110. Especially enlightening in this respect is a reading of section 5110 in conjunction with section 761(a), 42 Pa.C.S.A. §761(a). The said section provides the Commonwealth Court with original jurisdiction in all civil actions against the Commonwealth, save three types of actions delineated therein: (1) habeas corpus of post-conviction relief; (2) eminent domain proceedings; and (3) actions on claims for damages in which sovereign immunity has been waived, such as those pursuant to section 5110. In considering these two sections together, it is our opinion that, if an action for an injunction of this nature may be brought anywhere, it must be brought in Commonwealth Court, and not before our tribunal. Hence, we feel that these objections as to our jurisdiction must be sustained.

In consideration of the foregoing discussion, we will issue herewith the following

## ORDER

And now, August 5, 1980, defendant's preliminary objections raising a question of jurisdiction Nos. 1 and 2 are sustained. No. 3 is dismissed as moot. Objections Nos. 4-13 in the nature of a demurrer are hereby dismissed. Accordingly, the within action is ordered certified to the law side of the court, and plaintiffs are given 20 days to file an amended complaint sounding in trespass for money damages pursuant to 42 Pa.C.S.A. §5110(a)(5).

## APPENDIX A
## COMPLAINT

And now come plaintiffs, Kurt Ostertag and Ida Ostertag, his wife, by their attorneys, Kayton, Schneider, Levy & Stieh, and complain as follows:

1. Plaintiffs are husband and wife residing at Del-A-View House, 300 East Harford Street, Milford, Pa.

2. That plaintiffs are owners of their house by virtue of a deed from Arthur J. Jebson, Sheriff of Pike County, to Kurt Kurass and Ida Kurass, his wife, dated September 21, 1963, and recorded in the Office of the Recorder of Deeds in and for Pike County, Pennsylvania, on September 21, 1963, in Deed Book Volume 178 at page 415 &c., a copy of said deed being attached hereto and made a part hereof as Exhibit "A"; the said Kurt Kurass and Ida Kurass having become naturalized citizens of the United States on December 18, 1963, and as part of said naturalization their names having been changed from Kurt Kurass and Ida Kurass to Kurt Ostertag and Ida Ostertag.

3. That defendant, the Commonwealth of Pennsylvania, Department of Transportation, is an executive department of the Commonwealth of Pennsylvania with offices located in Pike County at 101 Bennett Avenue, Milford, Pa.

4. That there exists in front of the aforesaid residence owned by plaintiffs a highway operated, constructed and maintained by the Commonwealth of Pennsylvania and under the jurisdiction of the Pennsylvania Department of Transportation, more particularly known as Route 209.

5. That said highway, as the same approaches the front of plaintiffs' aforesaid residence from both directions, and in front of plaintiffs' aforesaid residence, is presently in a dangerous and unsafe condition in that, inter alia:

A. The roadway is improperly designed to accommodate the present traffic which utilizes said roadway, which includes in excess of 20,000 (18-wheel) tractor-trailer type trucks per week.

B. Said roadway was designed with insufficient width to accommodate said vehicles.

C. That the shoulders are insufficiently wide to permit a stalled vehicle to park.

D. Said roadbed and surrounding abutments cannot support the weight of said continuous tractor-trailer traffic.

E. Said roadway is improperly banked so as to cause the weight of vehicles traversing the same to shift into the pull of gravity.

F. The horizontal curvature is excessive for the aforesaid vehicles travelling at the posted speed limits to safely and properly traverse the portion of said road abutting plaintiffs' aforesaid residence.

6. That over the last several years there have been numerous accidents which have caused damage to the property of plaintiffs to include, inter alia:

A. Destruction of trees in the front of plaintiffs' property.

B. Destruction of stonewall in the front of plaintiffs' residence.

7. That the continuous vibration and noise from the tractor-trailer traffic has caused damage to plaintiffs' residence to include, inter alia:

A. Cracks in windows;

B. Cracks in structure and building itself;

C. Cracks in septic system lines, causing malfunction;

D. Collapsed ceilings;

E. Structural damage.

8. That the number and frequency of accidents which cause damage to plaintiffs' property, and the damage to plaintiffs' property itself, have caused plaintiffs to live in fear for their lives and property.

9. That because of the aforesaid dangerous condition which defendant has allowed to persist,

plaintiffs have suffered a diminution and loss of fair market value of their property in an amount in excess of $10,000.

10. That defendant has had continuous notice of the improper design, the accidents that have occurred, and the dangerous highway conditions that exist at the aforesaid location.

11. That defendant has allowed the damages and this reasonably foreseeable risk of future damages to continue and has taken no or insufficient action to prevent similar recurrences or accidents to plaintiffs' property.

12. That the aforesaid truck traffic and dangerous highway conditions cause unbearable vibrations, noise and pollution which constitute a public nuisance directly affecting plaintiffs, in that plaintiffs are denied the quiet enjoyment of their residence, exposed to unsanitary conditions and health hazards, and forced to expend an inordinate amount of money to maintain clean and sanitary living conditions.

13. That this action is brought pursuant to the Act of 1978-152, effective September 28, 1978, §5110(4), that the cause of action arose in the County of Pike and, accordingly, venue is with your court of common pleas pursuant to the Act of 1978-152, effective September 28, 1978, §931(c).

14. That notice, pursuant to the Act of 1978-152, effective September 28, 1978, §5522(a) has been filed simultaneously with the filing of this complaint with the Commonwealth of Pennsylvania, Department of Transportation, Pike County, 101 Bennett Avenue, Milford, Pennsylvania, and the Attorney General of the Commonwealth of Pennsylvania.

Wherefore, plaintiffs pray that the court order:

A. That the Commonwealth of Pennsylvania,

Department of Transportation, be enjoined from allowing the aforesaid use of Route 209 at the location in front of plaintiffs' residence by all tractor-trailers, other than local traffic.

B. That plaintiffs be awarded damages in an amount in excess of $10,000 and not to exceed $250,000.